IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY SHANNON FUTRAL, # 201076, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv967-WHA |
| ) | (WO) |
| JOHN CROW, *et al.,* ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Johnny Shannon Futral ("Futral") on December 9, 2016. Doc. # 1.[1] Futral challenges his convictions and resulting sentence for two counts of first-degree sodomy entered by the Autauga County Circuit Court in 1998. He claims his sentence is illegal because he entered a plea agreement with the State providing for 20-year sentences for each conviction but his plea agreement form was altered so that he received concurrent terms of life in prison for each conviction. *Id.* at 5 & 13. The respondents argue that Futral's petition is time-barred by the one-year federal limitation period. *See* 28 U.S.C. § 2244(d). Doc. # 7. The court agrees with the respondents and finds that Futral's petition should be denied without an evidentiary hearing.

---

[1] References to document numbers (Doc(s). #) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## II. DISCUSSION

**A.  AEDPA's One-Year Limitation Period**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.  Futral's State Court Proceedings**

On October 2, 1998, in the Autauga County Circuit Court, Futral pleaded guilty to two counts of first-degree sodomy.  *See* Doc. # 7-3 at 1; Doc. # 7-6 at 1; Doc. # 10-1.  On

that same date, the trial court sentenced Futral to concurrent terms of life imprisonment. Doc. # 10-1.  Futral took no direct appeal.

On July 6, 2000, Futral filed a petition in the trial court seeking post-conviction relief from his conviction and sentence under Rule 32 of the Alabama Rules of Criminal Procedure.[2]  *See* Doc. # 7-3 at 1.  The trial court summarily denied the Rule 32 petition. *See id.*  Futral appealed, and on May 18, 2001, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of the Rule 32 petition. Doc. # 7-3.  Futral did not apply for rehearing, and the Alabama Court of Criminal Appeals entered a certificate of judgment on June 5, 2001.  Doc. # 7-4.

Over fourteen years later, on August 27, 2015, Futral filed a second Rule 32 petition challenging his conviction and sentence.[3]  *See* Doc. # 7-6 at 1–2.  The trial court summarily denied that petition, and Futral appealed.  *Id.* at 2.  On July 1, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of the Rule 32 petition.  Doc. # 7-6.  Futral's application for rehearing was overruled, and he filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied.  Doc. # 7-7.  A certificate of judgment was entered on November 10, 2016.  *Id*.

**C.     Analysis of Timeliness of Futral's § 2254 Petition**

---

[2] Futral's Rule 32 petition presented claims that (1) his trial counsel was ineffective; (2) his guilty plea was involuntary; and (3) his arrest, detention, and confession were obtained in violation of his due process rights.  *See* Doc. # 7-3.

[3] Futral's second Rule 32 petition presented a claim, like the one in his § 2254 petition, that his sentence was illegal because he entered a plea agreement with the State providing for 20-year sentences for each conviction but his plea agreement form was altered so that he received concurrent terms of life in prison for each conviction.  *See* Doc. # 7-6.

3

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Because Futral took no direct appeal, his conviction became final on November 13, 1998—42 days after his October 2, 1998 sentencing—because that was the date after which direct review could no longer be pursued. *See* Ala.R.App.P. 4(b)(1) (criminal defendants in Alabama must file notice of appeal within 42 days after sentencing); *Hunter v. Ferrell*, 587 F.3d 1304, 1306 (11th Cir. 2009) (Petitioner "did not appeal his [Alabama] convictions, which became final [forty-two days after entry of his guilty plea and imposition of sentence], when the time for filing a direct appeal expired."). Under § 2244(d)(1)(A), then, AEDPA's one-year limitation period commenced on November 13, 1998. Absent statutory or equitable tolling, the limitation period expired on November 15, 1999, the first business day after November 13, 1999.[4]

## Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging a petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th

---

[4] November 13, 1999, fell on a Saturday.

4

Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006). Although Futral filed a Rule 32 petition on July 6, 2000, and a second Rule 32 petition in August 2015, those filings (and any related state court proceedings) had no tolling effect under § 2244(d)(2) because AEDPA's limitation period ran unabated for the entire year after November 13, 1998, before expiring on November 15, 1999. A Rule 32 petition will not toll AEDPA's limitation period if that period has expired before the Rule 32 petition is filed. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.; see also, e.g., Tinker*, 255 F.3d at 1333 (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) to (D) also do not provide safe harbor for Futral by affording a different triggering date such that AEDPA's limitation period commenced on some date later than November 13, 1998, or expired on some date later than November 15, 1999. There is no evidence that an unlawful state action impeded Futral from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Futral submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Futral also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

Futral filed his § 2254 petition on December 9, 2016, long after the November 15, 1999 expiration of AEDPA's limitation period. *See* 28 U.S.C. § 2244(d)(1)(A).

### Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Futral makes no argument for applying equitable tolling in his case, and nothing in the record suggests that equitable tolling should apply here.

### Illegality of Sentence

Futral argues that his § 2254 petition is not subject to AEPDA's limitation period because he raises a "jurisdictional" claim challenging the legality of his sentence. Doc. 10. He says a challenge to the legality of a sentence may be used at any time and is not subject to the federal time-bar. *Id*. Futral's argument lacks merit. There is no exception to the AEDPA limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. 2012), quoting *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala. 2012) ("While Pope argues that his

6

claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Secretary, Dep't of Corr.*, 2012 WL 1309360, *2 (M.D. Fla. 2012); *Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007); *Ahmed v. Hooks*, 2007 WL 128787, *1 (S.D. Ala. 2007); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("Whether Minnesota had jurisdiction of [the petitioner's] claim was a matter for the Minnesota courts to address. [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default.").

Because Futral failed to file his § 2254 petition within AEDPA's one-year limitation petition, his petition is time-barred and his claim is subject to no further review by this court.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation or before February 1, 2019.  A party must specifically identify the factual

findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).

    DONE this 18th day of January, 2019.

                                     /s/  Charles S. Coody
                                CHARLES S. COODY
                                UNITED STATES MAGISRATE JUDGE